**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-20877

(Summary Calendar)
_____

KLOCKNER STEEL TRADE USA INC,

Plaintiff-Appellee,

versus

M/V IOLCOS LEGEND, ET AL,

Defendants,

IOLCOS HELLENIC MARITIME ENTERPRISES CO LTD;
SUPERWAY SHIPPING, Ltd,

Defendants-Appellants.

---

Appeal from the United States District Court
For the Southern District of Texas
(H-94-CV-393)

---

August 5, 1996
Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff Klockner Steel sued defendants M/V IOLCOS LEGEND,

Iolcos Hellenic Maritime Enterprises, and Superway Shipping for

---

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

damages to a steel shipment under the Carriage of Goods by Sea Act, 46 U.S.C. §§ 1300-1315 ("COGSA"). After a bench trial, the district court concluded that the defendants were jointly and severally liable for the damages that occurred in the shipment of the steel cargo. Defendants appeal, alleging multiple points of error.

We review the district court's factual findings for clear error, and its conclusions of law *de novo*. *Switzer v. Wal-Mart Stores, Inc.*, 52 F.3d 1294, 1298 (5th Cir. 1995). To establish a *prima facie* case under COGSA, the plaintiff must show that the shipper took charge of the cargo in good condition, and that the cargo was damaged upon delivery. *Blasser Brothers v. Northern Pan-American Line*, 628 F.2d 376, 381 (5th Cir. 1980). Clean bills of lading will establish that the cargo was given to the shipper in good condition. *Id.* Once the plaintiff presents a *prima facie* case, the carrier may only avoid liability by showing that it "exercised due diligence to prevent the damage, or that the harm was occasioned by one of the excepted causes delineated in 46 U.S.C. § 1304(2)." *Id.*

After carefully reviewing the record, we conclude that the district court did not err in finding that the bills of lading were clean,[2] and that the plaintiff had established its *prima facie* case

---

[2] Despite references on the bills of lading indicating that the steel contained some rust, plaintiff presented ample evidence that those demarcations referred only to atmospheric or fresh water rust, which does not damage hot-

under COGSA.  We further hold that the district court did not err in concluding that the defendants failed to prove that they exercised due diligence in making the ship seaworthy.  *See id.* at 382 (noting that carrier has "legal responsibility to make the ship seaworthy" and to make it "fit and safe for the reception, carriage and preservation of the goods").  In addition, the district court did not err in finding that the defendants failed to prove that the harm was occasioned by one of the excepted causes delineated in 46 U.S.C. § 1304(2).  *See id.* at 381-82 & n.6  (setting forth the statutory exceptions, such as negligence of the master, act of God, or peril of the sea, which may insulate a carrier from COGSA liability).  Finally, we hold that the district court's damage calculation was amply supported by the record and applicable case law.

For the foregoing reasons, the judgment is AFFIRMED.

---

rolled steel.  *See Thyssen, Inc. v. S/S EUROUNITY*, 21 F.3d 533, 538 (2d Cir. 1994) (holding that plaintiff had established its *prima facie* case because testimony established that rust exceptions in the bills of lading referred only to atmospheric rust which does not affect the value of the steel).